JOSEPH EHRLICH - #84359
MARK R. MEYER - #238231
LOSCH EHRLICH & MEYER
750 Battery Street, Suite 700
San Francisco, California 94111
Telephone:   (415) 956-8400
Email:   je@losch-ehrlich.com
              mm@losch-ehrlich.com

Attorneys for Plaintiffs
Tangle, Inc. and Richard X. Zawitz

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Tangle, Inc.;<br>Richard X. Zawitz,<br><br>                    Plaintiffs,<br><br>          v.<br><br>Star Magic;<br>Shlomo Ayal,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT**<br><br><br>Jury Trial Demanded |

Plaintiff Tangle, Inc. ("Tangle") and Plaintiff Richard X. Zawitz ("Zawitz") (collectively, "Plaintiffs") allege as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff Richard X. Zawitz ("Zawitz") is the creator and owner of the unique sculptural design known as "Tangle" (the "Tangle Sculpture").

2. Plaintiff Tangle, Inc. ("Tangle") is a California corporation headquartered in South San Francisco, California, and is the exclusive master licensee for the manufacture and marketing of products comprising the Tangle Sculpture. Zawitz is the founder of Tangle.

3. Defendant Star Magic is a business entity headquartered and doing business in New York.

4. Defendant Shlomo Ayal is an individual and resident of New York and doing business as Star Magic.

5. Plaintiff Tangle has engaged in the business of manufacturing, distributing and selling products comprising various versions of the Tangle Sculpture (the "Tangle Products") under the family of TANGLE names and trademarks, including TANGLE, TANGLE CREATIONS, TANGLE ORIGINAL, PALM TANGLE, TANGLE CLASSIC, TANGLE THERAPY, and TANGLE JR. (collectively, the "TANGLE Marks").  All of Plaintiffs' Tangle Products are marked with the TANGLE Marks.

6. Genuine Tangle Products have been used for play, therapy, and educational purposes.  The unique aesthetic, therapeutic and educational qualities of genuine Tangle Products have been featured in numerous media articles.

7. Tangle has expended substantial time, money, and effort in creating, developing, marketing, and selling these works and in protecting the resulting patents, copyrights, and trademarks from infringement by others.  Tangle spends approximately $30,000 per year in the United States to promote Tangle Products, including on Plaintiffs' website https://www.tanglecreations.com/ and advertising in trade and consumer publications.  In the past, where imitations of Tangle Products have been marketed, Plaintiff has expended significant resources to stop such knock-offs and maintain Plaintiffs' exclusive use of the TANGLE names and Tangle Products.

8. Defendant Star Magic and Defendant Shlomo Ayal ("Defendants") were resellers of Tangle Products.  Starting in the 1980s, Plaintiff Tangle has sold Tangle Products to Defendant Star Magic, which had several retail stores in New York City.  Eventually, Defendants closed their brick-and-mortar retail stores but continued to resell Tangle Products online, including on Amazon.  Amazon.com is an online marketplace and retailer.

9. Within the last two years, Plaintiff Tangle began to investigate marketing and selling its Tangle Products directly to consumers through the Amazon marketplace.  Plaintiff Tangle discovered that Defendants had set up over 10 brands with Amazon using the TANGLE name, the brand of various Tangle Products.  Plaintiff Tangle also discovered that Defendants were mislabeling Tangle Products and using inaccurate UPC numbers to describe various Tangle Products being sold on Amazon.com.

10. A Universal Product Code ("UPC") is a 12-digit bar code used extensively for retail packaging in the United States. Plaintiffs use UPCs to identify and distinguish various Tangle Products according to specific different attributes, such as size, materials, texture and color.

11. An Amazon Standard Identification Number ("ASIN") is a unique block of 10 letters and/or numbers used to identify items sold on Amazon's online marketplace. Amazon creates an ASIN for a product when a product is uploaded to its catalogue.

12. When a third-party seller places a product with a UPC to sell that item on Amazon, Amazon will assign an ASIN for that product. Amazon requires all other sellers of the same item to use the same UPC and ASIN established by the first seller.

13. As a result of listing these products with Amazon, Defendants prevented Tangle from creating correct listings for its many genuine Tangle Products under the correct product names, Tangle trademarks, UPCs and ASINs.

14. For example, Plaintiffs use distinct UPCs for different colors of the TANGLE JR product. Using the distinct UPCs would allow customers to choose the color of the TANGLE JR they wish to purchase. But due to Defendants' actions, Amazon only recognized the UPC used by Defendants, which prevented Tangle from listing, for example, an orange TANGLE JR. for sale. Tangle is unable to list specific products, and customers are unable to choose a specific color to purchase.

15. Defendants listed TANGLE JR. products on Amazon using the unauthorized product name and mark "3 Pack of Tangle Magic Twister Fidget Toy Gift Set Assorted Colors." In listing these Tangle products, Defendants used Plaintiffs' UPC for a different product. Defendants obtained ASIN B07XYJJVGF from Amazon for these products. In connection with this listing, Defendants falsely listed "Star Magic" as the brand for these items.

16. Defendants have also listed Tangle Products under the title "Set of 4 Sensory Fidget Toys – Tangle Magic Twister Fuzzy, Metallic Twister, Textured and Twister in a Drawstring Cotton Carry Bag."

17. Plaintiffs have never used the product names or brands "Tangle Magic Twister" or "Star Magic Fidget Toy" or any variation of the TANGLE Marks with "Star Magic" or "Magic."

Defendants listed Tangle Products using these misleading names to confuse consumers as to the source of the products and to wrongfully associate Tangle Products with Defendants' business.

18. Plaintiffs have repeatedly requested Defendants to correct their incorrect listings. Defendants have failed to correct the listings.

19. Defendants intentionally created such false listings, and have intentionally refused to correct them, specifically to prevent Plaintiffs from accurately listing their own genuine Tangle Products on Amazon under Plaintiffs' own TANGLE Marks, and to suppress or prevent Plaintiffs' own sales, and sales by Plaintiffs' authorized sellers, of Plaintiffs' genuine Tangle Products on Amazon.

20. When Plaintiffs decided to cease selling Tangle Products to Defendants, Defendants wrongfully copied and sold cheap imitations of Plaintiffs' products using Plaintiffs' tradenames and product designations.

21. Defendants have created products copying Tangle's unique designs comprising the Tangle Sculpture.

22. On July 6, 2020, Defendant Ayal sent an email to Plaintiff announcing that he had produced a Star Magic imprinted version of a Tangle that he claimed did not infringe Tangle's trademarks. Defendants included several photographs depicting exact duplicates of Plaintiff's Tangle products imprinted with the STAR MAGIC mark, and packages of three such knock-offs with front labels bearing the mark "STAR MAGIC TWISTER" and back labels bearing the mark STAR MAGIC and the notice "Star Magic® is a Registered Trademark of Star Magic, Inc."

23. **Exhibit 1**, is a copy of Ayal's email and the attached images.

24. Defendants' "STAR MAGIC TWISTER" products are identical or strikingly similar to Plaintiffs' Copyrighted Designs. Further, Defendants listing genuine Tangle Products as "Magic Twister" is likely to create confusion as to the source of products labeled "Star Magic Twister."

25. Defendants have sold "STAR MAGIC TWISTER" products through the Amazon marketplace.

26. Defendants have sold "STAR MAGIC TWISTER" products to persons located in California

and in the Northern District of California.

27. On information and belief, Defendants have sold and distributed, and intend to continue to sell and distribute, the STAR MAGIC TWISTER infringing products.

28. Defendants have knowingly infringed Plaintiffs' products and trademarks knowing this conduct would cause injury to Plaintiffs in San Mateo County.  Defendants have knowingly interfered with Plaintiffs' ability to market and sell their products through the Amazon marketplace, knowing that the economic relationship between Plaintiffs and Amazon was centered in California and Defendants' conduct would injure Plaintiffs in the Northern District of California.

29. Defendants have used commercial identification codes for Tangle Products in the sale of Defendants' non-Tangle, inferior products.  Defendants' advertising also has confusingly combined the names and descriptions used for Tangle with Defendants' names to confuse consumers into purchasing Defendants' inferior quality products and harm Tangle's reputation.

30. At all times mentioned herein, each defendant was the agent and employee of the other defendants and was acting in the course of such agency and employment.  At all times mentioned, each defendant was the alter ego, joint venturer, partner, or otherwise part of the same enterprise, or conspired with one another, with respect to the allegations in this complaint.

## JURISDICTION

31. Jurisdiction exists under 28 U.S.C. § 1331 because claims in this action arise under the law of the United States.

32. Jurisdiction exists under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Plaintiffs are citizens of California; Defendants are citizens of New York.

33. Supplemental jurisdiction exists as to any state law claims under 28 U.S.C. § 1367 because the court has original jurisdiction over other claims.

34. Personal jurisdiction exists against Defendants under California Code of Civil Procedure section 410.10.  Defendants have personally availed themselves of doing business in the State

of California through reaching out and purchasing Tangle products from Plaintiffs knowing Plaintiffs were headquartered in California; making representations regarding the marketing and sales of Tangle products to Plaintiffs in California; marketing and selling Tangle products in California; marketing and selling Tangle products using misleading and false designations knowing damages from the conduct would impact Plaintiffs in California; marketing and selling infringing products in California, knowing damages from the sales would impact Plaintiffs in California; and as set forth in the complaint.

## FIRST CLAIM FOR RELIEF

### (Federal Copyright Infringement Under 17 U.S.C. §101 et seq.)

35. All prior allegations are incorporated by reference to the extent necessary to state a claim. Any inconsistent allegations are intended to be pled in the alternative.

36. Plaintiff Zawitz owns over ten U.S. and international Certificates of Copyright Registration for the unique designs comprising the Tangle Sculpture, including without limitation, U.S. Copyright Registration Nos. VAu000035387, VAu000035390, VAu000035389, VAu000035392, VAu000035388, VAu000035391, VA0000120368, VAu000164588, and VAu000449067 (the "Tangle Sculpture" or "Copyrighted Designs").

37. **Exhibit 2**, are Zawitz's copyright registrations and relevant excerpts of related deposit specimens.

38. Since their introduction, the Tangle Sculpture has been displayed on Plaintiffs' websites, published in catalogs and promotional materials, and printed on or in Tangle Products and packaging, millions of which have been distributed worldwide and in the United States.

39. At all times relevant hereto, all or substantially all of Plaintiffs' genuine Tangle Products or packaging therefore have been marked with statutory copyright notices claiming copyright in Plaintiffs' designs.

40. Plaintiffs' Copyrighted Designs constitute original works of authorship created by Plaintiff Zawitz.

41. Plaintiffs' Copyrighted Designs constitute copyrightable subject matter under the laws of the United States.

42. At all times relevant herein, Plaintiff Zawitz has been and still is the owner of the copyrights in and to the Copyrighted Designs, and Plaintiff Tangle, Inc. has been the exclusive licensee thereto.

43. Plaintiffs have conveyed no copyright interest in the Copyrighted Designs to Defendants.

44. Defendants had access to Plaintiffs' Copyrighted Designs.

45. The STAR MAGIC TWISTER products, including but not limited to those depicted in **Exhibit 1**, comprise identical or strikingly similar copies of Plaintiffs' Copyrighted Designs and constitute willful and unauthorized copying of substantial or entire portions of the designs contained in, and original to, Plaintiffs' Copyrighted Designs.

46. Upon information and belief, Defendants intentionally and willfully manufactured, imported, promoted and/or sold products comprising copies of Plaintiffs' Copyrighted Designs, without authority of Plaintiffs or their agents.

47. Defendants' aforesaid conduct constitutes federal copyright infringement under 17 U.S.C. § 101 et seq., in violation of Plaintiffs' exclusive rights in the Copyrighted Designs.

48. As a direct and proximate result thereof, Plaintiffs have been and continue to be damaged in an amount to be ascertained, but believed to be in excess of $200,000.

49. Plaintiffs have no adequate remedy at law.

50. Plaintiffs are entitled to an award of attorney fees pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

## (Infringement of Federally Registered Trademarks

## Under 15 U.S.C. §1114 et seq.)

51. All prior allegations are incorporated by reference to the extent necessary to state a claim. Any inconsistent allegations are intended to be pled in the alternative.

52. Plaintiff Tangle, Inc. owns over twenty U.S. and international Trademark registrations for the TANGLE Marks, including incontestable U.S. Trademark Registration Nos. 1268002 (TANGLE), 1779055 (TANGLE), 2744713 (TANGLEONIA), and 3331102 (TANGLE THERAPY); U.S. Trademark Registration Nos. 5413009 (TANGLE Stylized), and 5428488 (TANGLE CREATIONS Stylized) (the "Registered Trademarks").

53. The Registered Trademarks have been extensively used, advertised, and promoted through the United States and the world in connection with genuine Tangle Products as identified in the foregoing registrations for over thirty-five years.

54. The Registered Trademarks are inherently distinctive. Moreover, four of the Registered Trademarks, including TANGLE, are conclusively distinctive because the registrations are incontestable. As a result of Plaintiffs' use, advertisement and promotion of the Registered Trademarks, each of these trademarks has become well and favorably known throughout the United States and the world as identifying Plaintiffs and their products. Plaintiffs have developed exceedingly valuable goodwill with respect to all of their Registered Trademarks.

55. Upon information and belief, Defendants have knowingly, willfully and intentionally promoted and/or sold products using confusingly similar copies of Plaintiffs' Registered Trademarks, which combine elements of Defendants' marks with Plaintiffs' Registered Marks, including without limitation TANGLE MAGIC TWISTER, and STAR MAGIC FIDGET TOY BY TANGLE (the "Unauthorized Composite Marks"). Defendants have also falsely designated the brand STAR MAGIC as the source of products promoted and sold under the Unauthorized Composite Marks.

56. Defendants' promotion and sales of products under the Unauthorized Composite Marks and the STAR MAGIC brand are likely to cause members of the relevant public and trade to falsely believe that Plaintiffs' products are provided by, affiliated with, or under the sponsorship or approval of Defendants.

57. Upon information and belief, Defendants willfully selected, adopted and/or used the Unauthorized Composite Marks with knowledge of the valuable goodwill and business reputation associated with Plaintiffs' TANGLE Marks, and with intent to confuse, mislead, and deceive the public. The misuse of the marks was intended to confuse the public into believing Plaintiffs' goods come from Defendants or are in some manner associated with, approved or endorsed by Defendants, or that Defendants' goods are associated with or approved by Plaintiffs .

58. Upon information and belief, unless restrained by this Court, Defendants will continue to infringe Plaintiffs' Registered Trademarks by continuing to promote and/or sell products bearing the Unauthorized Composite Marks.
59. Upon information and belief, Defendants' own products marketed under Defendants' STAR MAGIC and MAGIC marks are of poor quality.
60. Defendants, unless restrained by this Court, will cause serious and irreparable harm to Plaintiffs' reputation and goodwill.
61. Defendants' conduct constitutes federal trademark infringement under 15 U.S.C. §1114 et seq., in violation of Plaintiffs' exclusive rights in the Registered Trademarks.
62. As a direct and proximate result thereof, Plaintiffs have been and continues to be damaged in an amount to be ascertained but believed to be in excess of $200,000.
63. Plaintiffs have no adequate remedy at law.
64. Defendants' conduct constitutes an exceptional case justifying an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1125(a))

65. All prior allegations are incorporated by reference to the extent necessary to state a claim. Any inconsistent allegations are intended to be pled in the alternative.
66. As a result of the tremendous commercial success and publicity given to genuine Tangle Products since their introduction in 1982, the unique designs comprising Tangle Products (the "Common Law Trademarks") have become well and favorably known throughout the United States and world as identifying Plaintiffs and their products. Plaintiffs have developed exceedingly valuable goodwill with respect to the Common Law Trademarks.
67. Plaintiffs' Common Law Trademarks have acquired distinctiveness through continuous and widespread use thereof in the U.S. and worldwide.
68. Upon information and belief, Defendants have knowingly, willfully and intentionally manufactured, imported, promoted and/or sold infringing products comprising identical, nearly

identical and/or confusingly similar copies of Plaintiffs' Common Law Trademarks (the "Counterfeit Products").

69. Defendants' manufacture, importation, promotion and sales of the Counterfeit Products is likely to cause members of the relevant public and trade to believe that Defendants' products are provided by, in affiliation with, or under the sponsorship or approval of Plaintiffs.

70. Upon information and belief, Defendants willfully selected, adopted and/or used Plaintiffs' Common Law Trademarks with knowledge of the valuable goodwill and business reputation associated therewith, and with intent to confuse, mislead, and deceive the public into believing Defendants' goods come from Plaintiffs or are in some manner associated with, approved or endorsed by Plaintiffs.

71. Upon information and belief, unless restrained by this Court, Defendants will continue to infringe Plaintiffs' Common Law Trademarks by continuing to manufacture, import, promote and sell Counterfeit Products comprising Plaintiffs' Common Law Trademarks.

72. Defendants' aforesaid conduct constitutes federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law unfair competition, in violation of Plaintiffs' exclusive rights in its Common Law Trademarks.

73. By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Plaintiffs' reputation and goodwill.

74. As a direct and proximate result thereof, Plaintiffs have been and continue to be damaged in an amount to be ascertained, but believed to be in excess of $200,000.

75. Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1125(a))

76. All prior allegations are incorporated by reference to the extent necessary to state a claim. Any inconsistent allegations are intended to be pled in the alternative.

77. Defendants used the names "Magic Twister," "Star Magic," and other names in describing genuine Tangle Products listed for sale at the Amazon marketplace and using Tangle UPCs.

78. Defendants misrepresented that the Tangle products originated with, were produced by, or were produced in partnership with Star Magic.
79. A reasonable consumer would likely be confused as to the origin of the Tangle Products being listed and sold under the "Magic Twister" name.
80. A reasonable consumer would conclude that products with the "Magic Twister" or "Star Magic" name were equivalent or produced by the same company as Tangle products.
81. As a result of Defendants' actions, Plaintiffs have been damaged.
82. Upon information and belief, Defendants willfully included the misleading and inaccurate names of "Magic Twister" or "Star Magic" in connection with the sale of Tangle products with knowledge of the valuable goodwill and business reputation associated with Tangle products and the TANGLE marks, and with intent to confuse, mislead, and deceive the public into believing Plaintiffs' goods come from Defendants, Defendants' goods come from Plaintiffs, or that Defendants' goods are otherwise associated with, approved or endorsed by Plaintiffs.
83. Upon information and belief, unless restrained by this Court, Defendants' conduct will continue.
84. Defendants' conduct constitutes federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).
85. By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Plaintiffs' reputation and goodwill.
86. As a direct and proximate result thereof, Plaintiffs' have been and continue to be damaged in an amount to be ascertained but believed to be in excess of $200,000.
87. Plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

**(Tortious Interference With Prospective Economic Advantage)**

88. All prior allegations are incorporated by reference to the extent necessary to state a claim. Any inconsistent allegations are intended to be pled in the alternative.
89. Amazon is an important platform for marketing and selling Plaintiffs' genuine Tangle Products, and as such, Plaintiffs have a profitable business relationship with Amazon.

90. By their actions as set forth above, Defendants have interfered with Plaintiffs' business relationship with Amazon by preventing Plaintiffs from listing and selling on Amazon various specific TANGLE JR. Products using Plaintiffs' own TANGLE Marks, UPCs and ASINs.

91. By their actions as set forth above, Defendants have interfered with Plaintiffs' business relationship with users of Amazon by preventing potential consumers from being able to identify and purchase specific Tangle products using Plaintiffs' TANGLE marks, UPCs, and ASINs.

92. Defendants' actions as described above created and maintained false and misleading listings for Plaintiffs' Tangle Products in direct competition with and in order to prevent sales by Plaintiffs, and utilizing false and infringing composite trademarks, incorrect UPCs and ASINs constitute misrepresentation, dishonest, unfair, improper, and wrongful means.

93. Defendants' conduct constitutes tortious interference with prospective economic advantage.

94. By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Plaintiffs.

95. As a direct and proximate result thereof, Plaintiffs have been and continue to be damaged in an amount to be ascertained but believed to be in excess of $200,000.

96. Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition)

97. All prior allegations are incorporated by reference to the extent necessary to state a claim. Any inconsistent allegations are intended to be pled in the alternative.

98. Defendants' above-averred actions constitute unlawful, unfair, and fraudulent business practices and constitute passing off Defendants' goods as those of Plaintiffs in violation of California and New York Unfair Competition Law.

99. By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Plaintiffs.

100. As a direct and proximate result thereof, Plaintiffs have been and continue to be damaged in an amount to be ascertained but believed to be in excess of $200,000.

101. Plaintiffs have no adequate remedy at law.

**PRAYER**

WHEREFORE, Plaintiffs demands trial by Jury and judgment against Defendants as follows:

1. That Defendants, Defendants' agents, employees, and licensees, and all persons or entities in active concert or participation with any of them who receive notice of the Court's Order, be preliminarily and permanently enjoined from:

   A. Promoting, advertising, distributing, selling, and/or otherwise disposing of any products under the Unauthorized Composite Marks, or any other marks that incorporate, reflect, or contain any unauthorized use of Plaintiffs' Registered Trademarks;

   B. Manufacturing, causing to be manufactured, importing, marketing, promoting, advertising, distributing, selling, and/or otherwise disposing of any products that incorporate, reflect, or contain any unauthorized use of Plaintiffs' Copyrighted Designs, Registered Trademarks, Common Law Trademarks, Patents, and/or infringing said trademarks, copyrights, or patents in any manner;

   C. Otherwise infringing any of Plaintiffs' copyrights, trademarks, or patents;

   D. Listing any products for sale on Amazon utilizing any UPCs or ASINs other than those associated with the correct UPCs and ASINs for the respective Tangle Products as determined by Plaintiffs, or undertaking any other misrepresentations or illicit actions that are intended to or will interfere with Plaintiffs' ability to sell genuine Tangle Products on Amazon; and

   E. Otherwise competing unfairly with Plaintiffs.

2. That Defendants, their agents, employees, and licensees, and all those acting under their direction and pursuant to their control, be directed to deliver up for destruction all infringing products in their possession, and other matter employed in the manufacture, promotion, distribution and sale of such infringing products.

3. That Defendants, their agents, employees, and licensees, and all those acting under their direction and pursuant to their control, be directed to recall all infringing products distributed to, or in the possession of, third parties.

4. That Defendants be required to pay Plaintiffs:

   A. Any and all profits made by Defendants as a result of the aforesaid infringements, together with interest thereupon in an amount presently unknown;

   B. Plaintiffs' damages in an amount presently unknown but believed to be in excess of $200,000, together with interest;

   C. Statutory damages in the amount of $150,000 per copyright infringement, the maximum allowable as provided under and pursuant to 17 U.S.C. § 504( c), as amended;

   D. Three times the profits and damages pursuant to 15 U.S.C. § 1117(b).

   E. That Defendants be required to pay Plaintiffs the costs of this action, together with Plaintiffs' reasonable attorneys' fees, under 17 U.S.C. § 505, 35 U.S.C. § 284-85, and 15 U.S.C. §1117(a).

   F. That the Court award Plaintiffs such other and further relief as this Court shall deem just and proper.

Dated: October 13, 2020              LOSCH EHRLICH & MEYER

                                            /s/ Joseph Ehrlich
                                            Joseph Ehrlich
                                            Mark R. Meyer
                                            Attorneys for Plaintiffs
                                            Tangle, Inc. and Richard X. Zawitz