1 | Stephanie P. Skaff (State Bar No. 183119)
sskaff@fbm.com
2 | Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
3 | San Francisco, CA 94104
Telephone: (415) 954-4400
4 | Facsimile: (415) 954-4480

5 | Justin E. Proper (*pro hac vice* pending)
properj@whiteandwilliams.com
6 | Vincent N. Barbera (*pro hac vice* pending)
barberav@whiteandwilliams.com
7 | White and Williams LLP
One Liberty Place, Suite 1800
8 | 1650 Market Street
Philadelphia, PA 19103-7395
9 | Telephone: (215) 864-7000
Facsimile: (215) 789-7595

10 |
Attorneys for Defendants
11 | Star Magic and Shlomo Ayal

12 |

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15 |

16 | TANGLE, INC.;
RICHARD X. ZAWITZ,

17 | Plaintiffs,

18 | v.

19 | STAR MAGIC;
SHLOMO AYAL,

20 |

21 | Defendants.

Case No.  20-cv-07121-DMR

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM IN SUPPORT OF MOTION**

Date:          February 25, 2021
Time:          1:00 p.m.
Crtrm:  4
Magistrate Judge Donna M. Ryu

Trial Date:  TBD

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 25, 2021, at 1:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Donna M. Ryu, in Courtroom 4 of the United States District Court for the Northern District of California at 1301 Clay Street, Oakland, CA 94612,

1    defendants Star Magic and Shlomo Ayal will and hereby do move to dismiss Plaintiffs' Complaint

2    for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

3    Dated:  January 13, 2021                          FARELLA BRAUN + MARTEL LLP

4

5                                          By:      */s/ Stephanie P. Skaff*
                                                   Stephanie P. Skaff

6

7                                          Of Counsel:

8                                          WHITE AND WILLIAMS LLP
                                           Justin E. Proper (*pro hac vice* pending)
9                                          properj@whiteandwilliams.com
                                           Vincent N. Barbera (*pro hac vice* pending)
10                                         barberav@whiteandwilliams.com
                                           One Liberty Place, Suite 1800
11                                         1650 Market Street
                                           Philadelphia, PA 19103-7395
12                                         Telephone: (215) 864-7137
                                           Facsimile: (215) 789-7595

13                                         Attorneys for Defendants
                                           Star Magic and Shlomo Ayal
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM ISO MOTION – Case No. 20-cv-07121 DMR
39741\13876252.1 26426943v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUES TO BE DECIDED ........................................................1

INTRODUCTION ........................................................................................1

FACTUAL BACKGROUND ............................................................................1

LEGAL STANDARD ....................................................................................3

ARGUMENT ............................................................................................4

    The Court Lacks General Jurisdiction over Star Magic and Ayal .....................5

    The Court Lacks Specific Jurisdiction over Star Magic and Ayal.....................5

        Neither Star Magic Nor Ayal Purposefully Directed Activities

        Toward California ..............................................................................6

           a.   Defendants did not engage in conduct expressly aimed at

               California by creating listings on Amazon .......................................8

           b.   Defendants' sale of allegedly-infringing products does not

               constitute express aiming directed at California .............................10

           c.   Allegations of "individualized targeting" cannot establish

               personal jurisdiction ...................................................................11

           d.   Purchasing products from California does not establish

               personal jurisdiction ...................................................................12

CONCLUSION..........................................................................................12

1
2
### TABLE OF AUTHORITIES
3

Page(s)

CASES

*Adobe Sys. v. Blue Source Grp., Inc.*,
   125 F. Supp. 3d 945 (N.D. Cal. 2015) ...........................................................6

*Adobe Sys. v. Cardinal Camera & Video Ctr., Inc.*,
   2015 U.S. Dist. LEXIS 137153 (N.D. Cal. Oct. 7, 2015)........................10

*AirWair Int'l Ltd. v. Pull & Bear Espana SA*,
   2020 U.S. Dist. LEXIS 78158 (N.D. Cal. May 4, 2020) .........................9

*Axiom Foods, Inc. v. Acerchem, Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) .............................................5, 6, 7, 8, 12

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ..........................................................9, 10

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S.Ct. 1773 (2017) .......................................................................4, 7

*Calder v. Jones*,
   465 U.S. 783 (1984).............................................................................6, 7

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014).............................................................................4, 5

*DFSB Kollective Co. v. Bourne*,
   897 F. Supp. 2d 871 (N.D. Cal. 2012) .................................................9

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ...............................................................3

*Dole Food Co., Inc. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) .............................................................5

*Elecs. For Imaging, Inc. v. Coyle*,
   340 F.3d 1344 (Fed. Cir. 2003)............................................................6

*Fluidigm Corp. v. bioMérieux SA*,
   2019 U.S. Dist. LEXIS 210944 (N.D. Cal. Dec. 5, 2019) .....................6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011).............................................................................4, 7

*Graco Minn., Inc. v. PF Brands, Inc.*,
   2019 U.S. Dist. LEXIS 66611 (S.D. Cal. April 17, 2019).............8, 9, 11

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007) ...................................................................................8

*Imageline, Inc. v. Hendricks*,
    2009 U.S. Dist. LEXIS 71125 (C.D. Cal. Aug. 12, 2009) .......................................10

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ..................................................................................................4

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ..................................................................................................4

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ..................................................................................4

*Matus v. Premium Nutraceuticals, LLC*,
    2016 U.S. Dist. LEXIS 70878 (C.D. Cal. May 31, 2016) ........................................9

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) .........................................................................4, 6, 8

*Nissan Motor Co. v. Nissan Computer Corp.*,
    246 F.3d 675 (9th Cir. 2000) ....................................................................................6

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ..................................................................................8

*Premier Fabrics v. Walters & Mason Retail*,
    2018 U.S. Dist. LEXIS 239595 (C.D. Cal. Aug. 1, 2018) .......................................12

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ..................................................................................4

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ..................................................................................8

*Sanho Corp. v. Cimo Techs., Inc.*,
    2012 U.S. Dist. LEXIS 106046 (N.D. Cal. July 30, 2012)........................................9

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .............................................................................3, 6, 7

*Sec. Alarm Fin. Enterprises, L.P. v. Nebel*,
    200 F. Supp. 3d 976 (N.D. Cal. 2016) ......................................................................4

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ................................................................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014)..............................................................4, 5, 7, 10, 11, 12

-iii-

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2)..........................................................................................3, 11, 12

DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM ISO MOTION – Case No. 20-cv-07121 DMR
39741\13876252.1 26426943v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT OF ISSUES TO BE DECIDED**

The issue before the Court in this Motion to Dismiss is whether the Court has personal jurisdiction over defendants Star Magic ("Star Magic"), described by Plaintiffs as an unspecified "business entity," and Shlomo Ayal ("Ayal"), an individual described by Plaintiffs as "doing business as "Star Magic," where neither Star Magic nor Ayal are citizens of California and whose alleged conduct was not targeted at California and occurred outside of California.

**INTRODUCTION**

Even though Plaintiffs sold products to Star Magic, Inc. for decades, they feign ignorance in their Complaint by ambiguously naming "Star Magic," an unspecified "business entity," as a defendant and then individually naming Star Magic, Inc.'s owner, Ayal, for supposedly "doing business as" Star Magic.[1]  Whatever the motivation for Plaintiffs' curious pleading strategy, they did not and cannot allege any facts to establish that this Court has personal jurisdiction over Defendants. Plaintiffs' attempt to establish personal jurisdiction through conclusory allegations about infringing sales of products to California customers fails as a matter of law.  Notably, Plaintiffs' Complaint only references alleged infringement related to Defendants' relationship with Amazon, and the accompanying declaration of Shlomo Ayal demonstrates that any allegedly infringing sales were indeed effectuated through Star Magic's passive website and listings on e-commerce sites like Amazon and eBay.  Defendants have no presence in California and they never targeted California with respect to the sale of the allegedly infringing products.  These same facts have led this Court and the Ninth Circuit to hold, time and again, that personal jurisdiction does not exist.

**FACTUAL BACKGROUND**

Star Magic has purchased genuine "Tangle" products from plaintiff Tangle, Inc. for resale since the 1980s.  *See* Compl. at ¶ 8.  Star Magic, Inc., which has its principal place of business in New York, has purchased various products from Tangle, Inc. for decades.  *See* Declaration of Shlomo Ayal ("Ayal. Decl.") at ¶ 3.  Although Ayal is, and at all times relevant was, the President of Star Magic, Inc. and principally in-charge of Star Magic's business operations, he never individually

---

[1] Counsel for Plaintiffs was advised about this apparent error on January 8, 2021, and was invited to file an Amended Complaint to cure the defect.

sold Tangle products in his personal capacity.  *Id.*  For a number of years, Star Magic sold Tangle products in its brick-and-mortar stores in New York, NY.  Compl., at ¶ 8.  In the early 2000s, Star Magic closed the last of its brick-and-mortar stores, and thereafter sold Tangle products and other goods exclusively online, including on Amazon.com.  *Id.*; *See also* Ayal Decl. at ¶ 4.

Each of Plaintiffs' claims in this action relate to alleged conduct attributed to Star Magic and/or Ayal that occurred online on Amazon, and/or relates to alleged sales made online through Amazon.  *See, e.g.*, Compl. at ¶¶ 8-19; 24, 25, 28.  Since Star Magic began doing business on Amazon, no "Star Magic" entity: has been incorporated in California or registered to do business in California; has maintained its principal place of business, or any physical business location in California; has had any employees, sales force, or toll free number in or to California; has had any office, warehouse, or place of business in California; or has directed any marketing, advertising, or promotional materials to California.  *See* Ayal Decl. at ¶ 6.  In fact, Star Magic does not engage, and has not engaged, in any direct marketing or advertising of products that it sells, whether to California or otherwise, and Ayal has never marketed or advertised any products for sale in his individual capacity.  *Id.* at ¶¶ 7, 10.

Ayal is not, and never has been, a citizen of or domiciled in the State of California.  *Id.* at ¶ 2.  Neither he, nor Star Magic, have ever attended trade shows in California, and, at all times relevant, have not traveled to California for any business purposes.  *Id.* at ¶ 6.  All of Star Magic's activities respecting the sale, or listing for sale, of products is limited to its passive, forum-neutral internet presence online, e.g., on Amazon and on its webpage, www.starmagic.com.  *Id.* at ¶ 8.  And, germane to Plaintiffs' claims in this action, Star Magic's listings on Amazon pertain to items located outside of California that ship worldwide.  *Id.*

Plaintiffs' claims arise out of two categories of factual allegations.  First, Plaintiffs contend that certain of Star Magic's listings for the sale of genuine Tangle products on Amazon infringed Tangle's registered and/or common law trademarks, and facilitated unfair competition and tortious interference with Tangle's prospective economic advantage.  Second, according to Plaintiffs, Star

-- 2 --

Magic and/or Ayal knowingly created and sold products that infringe upon Zawitz's registered copyrights.

### Allegations Relating to Defendants' Alleged Trademark Infringement

To facilitate its resale of Tangle products on Amazon, Star Magic created various listings on Amazon referencing the genuine Tangle products that it offered for sale to consumers.  Aside from Tangle's complaints that Star Magic allegedly listed genuine Tangle products using inaccurate UPC numbers, and using Amazon Standard Identification Numbers ("ASIN"), Tangle takes issue with the manner in which Star Magic described the genuine Tangle products that it offered for sale.  More specifically, Tangle alleges that Star Magic impermissibly listed Star Magic as the "brand" for certain Tangle products (Compl. at ¶ 15), and listed genuine Tangle products for sale using unauthorized variations of Tangle's trademarks, e.g., "Tangle Magic Twister" (Compl. at ¶¶ 16, 17, 55).  According to Tangle, these listings "are likely to cause members of the relevant public and trade to falsely believe that Plaintiffs' products are provided by, affiliated with, or under the sponsorship or approval of Defendants."  Compl. at ¶ 56.

### Allegations Relating to Defendants' Alleged Copyright Infringement

According to Plaintiffs, in or around July, 2020, Ayal notified Plaintiffs that Star Magic had produced a "Star Magic imprinted version of a Tangle" bearing the mark "STAR MAGIC TWISTER."  Compl. at ¶ 22.  Plaintiffs contend that the "STAR MAGIC TWISTER" products are "identical or strikingly similar to Plaintiffs' Copyrighted Designs."  *Id.* at ¶ 24.  It is further alleged that Defendants sold the "STAR MAGIC TWISTER" products on Amazon "to persons located in California and in the Northern District of California."  *Id.* at ¶¶ 25, 26.  Plaintiffs also allege that "Defendants have used commercial identification codes for Tangle Products in the sale of Defendants' non-Tangle, inferior products."  *Id.* at ¶ 29.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action for "lack of personal jurisdiction."  It is well-settled that, "[w]here a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is

-- 3 --

appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "The court may consider evidence presented in affidavits to assist in its determination[.]" *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds*. Although the Court must "accept[] as true any uncontroverted allegations in the complaint," the Court may not "assume the truth of allegations in a pleading which are contradicted by affidavit[.]" *Sec. Alarm Fin. Enterprises, L.P. v. Nebel*, 200 F. Supp. 3d 976, 982-83 (N.D. Cal. 2016) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation omitted)).

## ARGUMENT

There are two types of personal jurisdiction: general and specific. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1779-80 (2017). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Following the decision of the United States Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014), the exercise of general personal jurisdiction over a defendant corporation is limited to the state in which the defendant entity "has its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). Thus, "'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction" in a state. *Bristol-Myers*, 137 S.Ct. at 1780 (quoting *Daimler*, 571 U.S. at 137). Concomitantly, "[o]nly in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 571 U.S. at 139, n. 19).

Where a party is not subject to general jurisdiction in a forum, due process requires that a defendant have "certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). "The inquiry whether the forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quoting *Keeton v.*

*Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).  To that end, the relationship "must arise out of contacts that the 'defendant *himself*' creates with the forum State," and the focus is on the defendant's "contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Axiom Foods, Inc. v. Acerchem, Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 284) (emphasis in original).

Here, for the reasons detailed below, Plaintiffs failed to meet their burden to show that this Court has personal jurisdiction over Star Magic or Ayal.  Moreover, because the extent of Star Magic's and Ayal's conduct giving rise to this action is pleaded, but is nevertheless insufficient to demonstrate that jurisdiction properly lies here, Plaintiffs' defective Complaint cannot be effectively cured by Amendment and the action should be dismissed, with prejudice.

**The Court Lacks General Jurisdiction over Star Magic and Ayal.**

Defendant Ayal, an individual, is not (and never has been) a citizen of California and is not domiciled here.  *See* Ayal Decl. at ¶ 2.  It is beyond dispute that Star Magic, Inc. is not "at home" in California; at all times relevant, no "Star Magic" entity was incorporated in California or maintained its principal place of business in California.  *See id.* at ¶ 6.  Moreover, the factual allegations in the Complaint fail to provide any basis on which to conclude that Star Magic is "essentially at home" in California, such that this case might be considered exceptional.  *See Daimler*, 571 U.S. at 137-38 (rejecting notion that general jurisdiction exists "in every State in which a corporation 'engages in substantial, continuous, and systematic course of business.'")  Indeed, although Plaintiffs' statement concerning personal jurisdiction is largely boilerplate, none of the assertions suggest or support the existence of general jurisdiction over Star Magic or Ayal.  *See* Compl. at ¶ 34.  General jurisdiction over Star Magic and Ayal does not lie in this Court or in California.

**The Court Lacks Specific Jurisdiction over Star Magic and Ayal.**

Specific jurisdiction exists over a case where "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State."  *See Axiom*, 874 F.3d at 1068 (quoting *Walden*, 134 S.Ct. at 1121).  The Ninth Circuit applies a three-part test to determine whether a court has specific jurisdiction over a non-resident defendant:  (1) the defendant must either purposefully

-- 5 --

1   direct his activities toward the forum or purposefully avail himself of the privileges of conducting

2   activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's

3   forum-related activities; and (3) the exercise of jurisdiction must be reasonable and comport with fair

4   play and substantial justice.  *Id.* (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.

5   2002)).  "The plaintiff bears the burden of satisfying the first two prongs of the test."

6   *Schwarzenegger*, 374 F.3d at 802.  If and only if the plaintiff meets that burden, then the burden

7   shifts to the defendant to show that the exercise of jurisdiction would not be reasonable.  *Id.*

8        "Courts can consider 'affidavits and other written materials' when answering 'the personal

9   jurisdiction question.'" *Fluidigm Corp. v. bioMérieux SA*, 2019 U.S. Dist. LEXIS 210944

10   (N.D. Cal. Dec. 5, 2019) (quoting *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir.

11   2003)).  "While a district court must accept the uncontroverted allegations in the plaintiff's complaint

12   as true and resolve conflicts between dueling affidavits in plaintiff's favor,' courts may not assume

13   the truth of allegations in a pleading which are contradicted by affidavit." *Id.* (internal citations and

14   quotations omitted); *see also Mavrix Photo v. Brand Techns, Inc.*, 647 F.3d 1218, 1223 (9th Cir.

15   2011) (recognizing that when examining the "purposeful direction" prong, the Court "may not

16   assume the truth of allegations in a pleading which are contradicted by affidavit.").

17        ***Neither Star Magic Nor Ayal Purposefully Directed Activities Toward California.***

18        The first prong of the Ninth Circuit's three-part test concerning specific jurisdiction makes

19   reference to two distinct concepts.  "Purposeful availment" analysis generally applies in actions

20   based in contract, while "purposeful direction" analysis generally applies in actions involving tort

21   claims. *Schwarzenegger*, 374 F.3d at 802.  Because Plaintiffs' claims are each centered on alleged

22   tortious conduct by Star Magic/Ayal, purposeful direction (not purposeful availment) analysis is

23   appropriate.  *See Axiom*, 874 F.3d at 1069 (copyright infringement action sounds in tort); *Adobe Sys.

24   v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 960 (N.D. Cal. 2015) ("For both trademark

25   infringement actions and copyright infringement actions, the Ninth Circuit requires a showing of

26   purposeful direction.") (citing *Nissan Motor Co. v. Nissan Computer Corp.*, 246 F.3d 675 (9th Cir.

27   2000)).

28

-- 6 --

1    The purposeful direction or "effects" test derives from the decision of the United States

2 Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), and has three separate elements.

3 Specifically, the *Calder* effects test provides that: "[t]he defendant must have (1) committed an

4 intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is

5 likely to be suffered in the forum state." *Axiom*, 874 F.3d at 1069 (internal quotations and citations

6 omitted). If the plaintiff fails to sustain its burden any of the three elements of the *Calder* effects

7 test, it cannot show that the defendant purposefully directed its conduct at the forum state and,

8 therefore, personal jurisdiction over the defendant does not lie. *Schwarzenegger*, 374 F.3d at 807,

9 n.1.

10    On the question of specific jurisdiction, the Court must look at Defendants' contacts as they

11 relate to the challenged conduct giving rise to the causes of action alleged. *See, e.g., Goodyear*

12 *Dunlop Tires Operations S.A.*, 564 U.S. at 919 (recognizing that specific jurisdiction is limited to

13 ruling on "issues deriving from, or connected with, the very controversy that establishes

14 jurisdiction."); *see also Picot*, 780 F.3d 1206, 1215 (9th Cir. 2015) (challenged conduct had nothing

15 to do with the forum itself). Indeed, "[t]here must be an affiliation between the forum and the

16 underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State

17 . . . . When there is no such connection, specific jurisdiction is lacking regardless of the extent of a

18 defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781 (citations

19 omitted).

20    Importantly, a plaintiff must demonstrate that California is the "focal point" of both the

21 claims and the harm suffered. *Axiom*, 874 F.3d at 1070-71 (quoting *Walden*, 134 S.Ct. at 1124). A

22 plaintiff must demonstrate that "the effects caused by the defendants' [conduct]—*i.e.*, the injury to

23 the plaintiff[] . . . — connected the defendants' conduct to California, not just to a plaintiff who lived

24 there." *Walden*, 134 S.Ct. at 1124. Courts "must focus on the defendant's contacts with the forum

25 state, not the defendant's contacts with a resident of the forum." *Picot*, 780 F.3d at 1214. A plaintiff

26 does not show express aiming by alleging injuries that are "entirely personal to him and would

27

28

follow him wherever he might choose to live or travel" and "not tethered to California in any meaningful way." *Id.* at 1215.

As demonstrated below, the alleged misconduct at issue here is quintessentially personal to Plaintiffs.  The Complaint is devoid of any allegations establishing that Defendants' allegedly infringing conduct was expressly aimed at California. (element two).

> a.   ***Defendants did not engage in conduct expressly aimed at California by creating listings on Amazon.***

The suit-related conduct giving rise to Plaintiffs' claims largely relates to listings created by Defendants on Amazon for the purpose of marketing and selling Tangle products and products that Zawitz contends infringe his registered copyrights.  At best, Defendants' listings on Amazon constitute the operation of a passive web presence, in that they do not target third-party purchasers in California or in any other specific forum and the products offered for sale are available for purchase worldwide.  *See* Ayal Decl. at ¶ 8.  This conduct does not constitute "express aiming" under prevailing law.

The Ninth Circuit has "consistently held that a mere web presence is insufficient to establish personal jurisdiction."  *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) (collecting cases); *See also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) ("we reject also any contention that a passive website constitutes expressed aiming.")  Rather, the operation of a passive website requires "something more – conduct directly targeting the forum" to satisfy the expressed aiming requirement.  *See Mavrix*, 647 F.3d at 1229 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)).  However, "[a] plaintiff can no longer show that a defendant expressly aimed at the forum state by alleging only that the defendant knew of the plaintiff's forum connections and could have reasonably foreseen harm in that forum.  *Graco Minn., Inc. v. PF Brands, Inc.*, 2019 U.S. Dist. LEXIS 66611 *12 (S.D. Cal. April 17, 2019) (citing *Axiom*, 874 F.3d 1069-1070).  And courts in this Circuit have consistently "declined to find express aiming based on alleged sales of products that infringe intellectual property rights through commercial, interactive websites accessible to California consumers."  *Id.* at *11-12 (collecting cases).

-- 8 --

1    Here, the suit-related conduct giving rise to Plaintiffs' various claims centers on Defendants'

2    creation and operation of passive, allegedly offending listings on Amazon.  Plaintiffs' Complaint is,

3    however, entirely devoid of any factual allegations sufficient to show that these listings directly or

4    specifically targeted California.  The listings are not in any way limited to, or designed to reach,

5    California-based consumers.  They do not advertise the sale of products in any manner directed to

6    California.  Even outside of the suit-related conduct pertaining to the listings, Defendants conduct in

7    no way is purposefully directed to this state.  At all relevant times, Defendants did not market or

8    advertise the sale of products in California, did not visit California, and did not have any physical

9    presence in California.  *See* Ayal Decl. at ¶¶ 6-10.

10    These same facts have led courts to time and again dismiss cases for lack of personal

11    jurisdiction.  *See*, *e.g.*, *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012)

12    (concluding nonresident defendant's website with Korean song links "is not directly related to

13    California" based on "popular[ity] with some California residents . . . . If [this] were sufficient, every

14    person around the globe who makes infringing content available through the Internet for profit

15    would be subject to personal jurisdiction in California"); *Sanho Corp. v. Cimo Techs., Inc.*, 2012

16    U.S. Dist. LEXIS 106046, at *15-16 (N.D. Cal. July 30, 2012) (dismissing California resident's

17    claim where "nothing in the record . . . suggest[s] that [defendant]'s website was directly targeted at

18    the California market, or that the selling of technology-related accessories, specifically iPad 2

19    covers, is a unique California industry"); *Matus v. Premium Nutraceuticals, LLC*, 2016 U.S. Dist.

20    LEXIS 70878, 2016 WL 3078745, at *3 (C.D. Cal. May 31, 2016) (California consumers' ability to

21    buy from defendant's website failed to demonstrate express aiming where the record lacked "any

22    indication that Premium took other efforts to target California consumers"), *aff'd*, 715 F. App'x 662

23    (9th Cir. 2018); *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) ("The use of eBay no

24    doubt made it far easier to reach a California buyer, but the ease with which Boschetto was contacted

25    does not determine whether the nature and quality of the Defendants' contacts serve to support

26    jurisdiction."); *Graco*, 2019 U.S. Dist. LEXIS 66611 at *15-18 (holding that evidence which

27    included the sale of products worldwide on eBay, including to California customers, as well as the

28

-- 9 --

1    purchase and receipt of Defendants' products in California by an investigator hired by the Plaintiff

2    was insufficient to establish personal jurisdiction where, as here, "[t]he record does not show that

3    Defendants' business is targeted at a California-specific market or industry."); *AirWair Int'l Ltd. v.*

4    *Pull & Bear Espana SA*, 2020 U.S. Dist. LEXIS 78158 at *13 (N.D. Cal. May 4, 2020) (rejecting

5    argument that "Pull & Bear's activities on Facebook, Instagram, and Twitter, through which AirWair

6    alleges Pull & Bear markets and promotes its products in California, and throughout the United

7    States" is a proper jurisdictional basis, holding that "the fact that these social media platforms may

8    be accessed by consumers in the U.S. who happen to be in California does not demonstrate that the

9    marketing is expressly aimed at California.")

10              **b.      Defendants' sale of allegedly-infringing products does not constitute express
                          aiming directed at California.**

11

12           Similarly unavailing is Plaintiffs' single, vague assertion that Defendants sold "STAR

13   MAGIC TWISTER" products to persons located in California and in this District.  Compl. at ¶ 26.

14   "'Random, fortuitous, or attenuated' contacts with individuals in the forum are insufficient to

15   support personal jurisdiction."  *Adobe Sys. v. Cardinal Camera & Video Ctr., Inc.*, 2015 U.S. Dist.

16   LEXIS 137153, * 15 (N.D. Cal. Oct. 7, 2015) (citing *Walden*, 134 S.Ct. at 1123).  In that context, the

17   Ninth Circuit has held that the sale of a product to a consumer in the forum state, made only because

18   that is where the purchaser happened to reside, did not create a substantial connection to the forum

19   state to warrant the exercise of specific jurisdiction over the defendant there.  *See Boschetto*, 539

20   F.3d at 1019.  This rationale has been extended to preclude a finding of express aiming by other

21   courts within this Circuit, even where there were multiple sales of products entering the forum.  By

22   way of example, in *Imageline, Inc. v. Hendricks*, 2009 U.S. Dist. LEXIS 71125 *14 (C.D. Cal. Aug.

23   12, 2009), the court held that the defendants' sales of allegedly copyright-infringing photos on eBay,

24   amounting to 1,071 transactions to California residents, did not constitute express aiming sufficient

25   to find the existence of specific jurisdiction, because the contacts were "not the deliberate creation of

26   a substantial connection with California nor are they promotion of business in California." (quoting

27   *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)) (internal quotations omitted).  The court

28   reasoned: "The listings did not target California, but simply went to California residents who turned

                                                    -- 10 --

DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM ISO MOTION – Case No. 20-cv-07121 DMR
39741\13876252.1 26426943v.1

1    out to be the eBay purchasers." *Id.*

2          The same sound reasoning applies here, where there are no allegations demonstrating that

3    Defendants' sale of the allegedly-infringing "STAR MAGIC TWISTER" products to "persons

4    located in California" was the result of anything other than happenstance, i.e., the purchasers happen

5    to reside in California.  Accordingly, this suit-related conduct is precisely the type of "random,

6    fortuitous, or attenuated" contact with the forum state that is insufficient to support personal

7    jurisdiction.  *Walden*, 134 S.Ct. at 1123.  Further underscoring this conclusion is the likelihood that

8    most, if not all, of the sales of the "STAR MAGIC TWISTER" products to the "persons located in

9    California" was the result of Plaintiffs' own conduct.  Defendants anticipate that those sales were

10   made to representatives or agents of Plaintiffs who deliberately purchased the products from

11   Defendants for the purpose of manufacturing factual grounds upon which to argue that specific

12   jurisdiction over Defendants is proper in California.  Specific jurisdiction was not found to exist

13   under similar circumstances in *Graco*, where the plaintiff's investigators purchased and received

14   allegedly infringing products from defendants in California.  *See Graco*, 2019 U.S. Dist. LEXIS

15   66611 at * 20 ("Plaintiffs claim to specific jurisdiction would be no different in any other state had

16   Plaintiff chosen to hire investigators in a state other than California."); *see also Walden*, 134 S.Ct. at

17   1125 ("This approach . . . impermissibly allows a plaintiff's contacts with the defendant and forum to

18   drive the jurisdictional analysis. . . . Such reasoning improperly attributes a plaintiff's forum

19   connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis.")

20         Plaintiffs have failed to plead facts to show that either Star Magic or Ayal purposefully

21   directed any suit-related conduct at California, and, therefore, their claims against Star Magic and

22   Ayal should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

23              ***c.    Allegations of "individualized targeting" cannot establish personal***

24                   ***jurisdiction.***

25         Plaintiffs also allege that jurisdiction exists based on the following: "marketing and selling

26   Tangle products using misleading and false designations knowing damages from the conduct would

27   impact the Plaintiffs in California [and] marketing and selling infringing products in California,

28

-- 11 --

knowing damages from the sales would impact Plaintiffs in California…"  *See* Compl. at ¶ 34.  As demonstrated above, Plaintiffs' conclusory allegations that Defendants marketed and sold infringing products in California fails to establish the type of express aiming required for purposes of personal jurisdiction.  The addition of allegations that Defendants knew that Plaintiffs are located in California does not change that conclusion.

Knowledge that allegedly infringing sales will impact a business located in California (also known as "individualized targeting") is no longer a proper basis for establishing personal jurisdiction over a defendant.  In *Walden*, the United States Supreme Court rejected the concept that individualized targeting satisfies the express aiming requirement, holding that courts must look to the defendant's "own contacts" with the forum, not to the defendant's knowledge of a connections to a forum.  *Walden*, 134 S.Ct. at 1122.  Following *Walden*, the law is clear that individualized targeting will not, on its own, support the exercise of specific jurisdiction, and thus, the above allegations are legally insufficient to establish personal jurisdiction over the Defendants.  *See, e.g., Axiom*, 874 F.3d at 1069-70 (recognizing that in *Walden*, the Supreme Court rejected the Ninth Circuit's conclusion that a defendant's knowledge of a plaintiffs' strong forum connections and foreseeable harm is insufficient to establish specific jurisdiction).

### d.    *Purchasing products from California does not establish personal jurisdiction.*

The only other alleged basis for jurisdiction offered by Plaintiffs is that Defendants "purchas[ed] Tangle products from Plaintiff knowing Plaintiffs were headquartered in California."  Compl. at ¶ 34.  This allegation has absolutely nothing to do with the alleged activity that forms the basis of this lawsuit, and therefore, is utterly irrelevant to the personal jurisdiction analysis.  In *Premier Fabrics v. Walters & Mason Retail*, 2018 U.S. Dist. LEXIS 239595 at *14-15 (C.D. Cal. Aug. 1, 2018), the plaintiff argued that "Altar'd State's purchases of the allegedly infringing products from Famma are sufficient to satisfy the express aiming requirement."  *Id.* at *14. The court, relying on *Walden*, squarely rejected this argument.  *See id.*  As demonstrated above, the issue for purposes of this Court's jurisdictional analysis is whether Defendants expressly aimed any conduct at the

-- 12 --

forum (not Plaintiffs) through the suit-related conduct that gives rise to this lawsuit.  No such conduct is alleged, and Ayal's Declaration confirms that no such conduct occurred.

### **CONCLUSION**

For the foregoing reasons, pursuant to Fed. R. Civ. P. 12(b)(2), defendants Star Magic and Shlomo Ayal respectfully request that the Court enter an Order dismissing Plaintiffs' Complaint for lack of personal jurisdiction.

Dated:  January 13, 2021                                   FARELLA BRAUN + MARTEL LLP

By:   */s/ Stephanie P. Skaff*
    Stephanie P. Skaff

Of Counsel:

WHITE AND WILLIAMS LLP
Justin E. Proper (*pro hac vice* pending)
properj@whiteandwilliams.com
Vincent N. Barbera (*pro hac vice* pending)
barberav@whiteandwilliams.com
One Liberty Place, Suite 1800
1650 Market Street
Philadelphia, PA 19103-7395
Telephone: (215) 864-7137
Facsimile: (215) 789-7595

Attorneys for Defendants
Star Magic and Shlomo Ayal