Stephanie P. Skaff (State Bar No. 183119)
sskaff@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Justin E. Proper (*pro hac vice* forthcoming)
properj@whiteandwilliams.com
Vincent N. Barbera (*pro hac vice* forthcoming)
barberav@whiteandwilliams.com
White and Williams LLP
One Liberty Place, Suite 1800
1650 Market Street
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000
Facsimile: (215) 789-7595

Attorneys for Defendants
Star Magic and Shlomo Ayal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANGLE, INC.;<br>RICHARD X. ZAWITZ,<br><br>                    Plaintiffs,<br><br>        v.<br><br>STAR MAGIC;<br>SHLOMO AYAL,<br><br>                    Defendants. | Case No.  20-cv-07121-DMR<br><br>**DECLARATION OF SHLOMO AYAL IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:  February 25, 2021<br>Time:  1:00 p.m.<br>Crtrm: 4<br>Magistrate Judge Donna M. Ryu |

1.      I am the President of Star Magic, Inc., which has its principal place of business in New York.  "Star Magic" is a trade name.

2.      I am not, and never have been, a citizen of California or domiciled in California.

3.      For decades, Star Magic, Inc. has purchased various products from plaintiff Tangle, Inc. for resale to consumers.  Although I historically have been, and continue to be, principally in-charge of running the company's operations, I have never individually sold any Tangle products.

4.      In the early 2000s, the last of the brick-and-mortar "Star Magic" stores were closed. Thereafter, Star Magic sold Tangle products and other goods exclusively online through its own e-commerce website, www.starmagic.com, and on websites such as Amazon.com.

5.      It my understanding that Plaintiffs' claims in this lawsuit relate to alleged conduct attributed to Star Magic and/or me that occurred online on Amazon, and/or alleged to sales made online on or through Amazon.

6.      Since Star Magic began doing business on Amazon, and at all times relevant to Plaintiffs' claims in this lawsuit:

a.      I have not traveled to California for purposes related to Star Magic's business, and no Star Magic representative(s) have traveled to California for business purposes.  In fact, over the course of thirty years, the only meetings between Star Magic/Ayal and Plaintiffs occurred in New York.

b.      No Star Magic entity has been incorporated in the State of California or was registered to do business in California.

c.      No Star Magic entity has maintained its principal place of business in California.

d.      No Star Magic entity has maintained any brick-and-mortar store in California.

e.      No Star Magic entity has had an office, warehouse, or place of business, in California.

f.      No Star Magic entity has had any employees, sales force, or toll free number in or to California.

g.      No Star Magic entity has specifically directed any advertising, marketing or promotional materials in or to California.

7.      In fact, Star Magic does not engage in any direct marketing or advertising of products that it sells, whether to California or otherwise.

8.      Star Magic's only activities relating to the sale, or listing for sale, of products is limited to passive, forum-neutral webpages or websites such as those noted above (e.g., Amazon, www.starmagic.com).  Those webpages/websites list products for sale that are located outside of

26434774v.1

California and that ship worldwide based on the location of the purchaser.  There is no reference to California on any of these websites with respect to products sold by Star Magic.

9.      Neither I nor Star Magic have ever attended any trade shows in California.

10.     Star Magic did not choose to do business with Tangle because it happens to be a California company or because Tangle or Zawitz have a presence or operations in California.  I have never marketed or advertised any products for sale in my individual capacity.

11.     Plaintiffs' Complaint makes reference to products bearing the mark "STAR MAGIC TWISTER."  To-date, Star Magic has sold no more than fifty of the "STAR MAGIC TWISTER" products.  Of those, no more than ten (10) were sold to third-parties who self-identified as having a California address.

12.      It is my belief that most, if not all, of the sales of the "STAR MAGIC TWISTER" products to persons having a California address were made to agents or representatives of Plaintiffs, or were purchases made at the request and direction of one or more of Plaintiffs.

13.     While I vigorously dispute that the "STAR MAGIC TWISTER" products infringe Zawitz's copyrights or any of Plaintiffs' rights, in an abundance of caution, Star Magic has discontinued all further sale of the "STAR MAGIC TWISTER" products pending the outcome of this litigation.  The online listings pertaining to the "STAR MAGIC TWISTER" products were posted for no more than six weeks, and were removed before this lawsuit was filed.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Shlomo Ayal

Dated: 1/13/2021

26434774v.1