Stephanie P. Skaff (State Bar No. 183119)
sskaff@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Justin E. Proper (admitted *pro hac vice*)
properj@whiteandwilliams.com
Vincent N. Barbera (admitted *pro hac vice*)
barberav@whiteandwilliams.com
White and Williams LLP
One Liberty Place, Suite 1800
1650 Market Street
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000
Facsimile: (215) 789-7595

Attorneys for Defendants
Star Magic and Shlomo Ayal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANGLE, INC.;<br>RICHARD X. ZAWITZ,<br><br>                              Plaintiffs,<br><br>     v.<br><br>STAR MAGIC;<br>SHLOMO AYAL,<br><br>                              Defendants. | Case No.  20-cv-07121-DMR<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:         February 25, 2021<br>Time:        1:00 p.m.<br>Crtrm:  4<br>Magistrate Judge Donna M. Ryu<br><br>Trial Date:  TBD |

In their opposition, Plaintiffs focus on factual allegations immaterial to the claims alleged in this Complaint (*e.g.*, that Defendant Star Magic once had a store in San Francisco that closed almost 23 years ago), or which pertain only to Star Magic, Inc.'s lawsuit in New York, in an attempt to distract the Court from the obvious: none of the claims brought by Plaintiffs relate to, or arise out of, any facts that would permit this Court to exercise personal jurisdiction over Defendants. In doing so, Plaintiffs ignore the Supreme Court's fundamental directive that the only conduct relevant to a court's determination of whether it has specific personal jurisdiction over Defendants in an action is the suit-related conduct that forms the basis of Plaintiffs' claims. Here, that suit-related conduct consists entirely of listings and sales by Defendants on Amazon. When that conduct is examined in light of binding precedent, it is clear that this Court does not have personal jurisdiction over Star Magic and Ayal, and Plaintiffs' action should be dismissed in its entirety.

**A.     Defendants' Suit-Related Conduct Does Not Give Rise to Specific Personal Jurisdiction in California.**

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). For purposes of determining whether there is specific, as opposed to general, jurisdiction over a defendant, only the defendant's suit-related conduct is material to the inquiry. *See, e.g., AirWair Int'l Ltd. v. Pull & Bear Espana SA*, 2020 U.S. Dist. LEXIS 78158 * 9-10 (N.D. Cal. May 4, 2020) (rejecting and refusing to consider allegations concerning defendant's licensing contract with a California entity, and related social-media efforts in California, in specific jurisdiction analysis because the allegations were unrelated to the plaintiff's claims); *Dillon v. Murphy & Hourihane, LLP*, 2104 U.S. LEXIS 150269 * 17-18, n.2 (N.D. Cal. Oct. 22, 2014) ("To the extent the Court was unclear that it was only engaging in an analysis of the nature of Defendant's suit-related conduct, not its general contacts with the forum, the Court here reaffirms the principle that a party with substantial forum-related contacts, but who is not subject to general jurisdiction in that forum, is subject to specific jurisdiction *only* when its suit-related contacts are sufficient.") (citing *Daimler AG v. Bauman*, 134 S.Ct. 746, 762 (2014) (emphasis in original). Thus, in the

- 1 -

context of a specific jurisdiction analysis, "even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931, n. 6 (2011).

It is similarly well-established that the purposeful direction requirement under *Calder* is not satisfied by allegations that the defendant's conduct targeted a plaintiff known to be a resident of the forum state. In *Axiom*, the Ninth Circuit explained that the United States Supreme Court found that this approach "impermissibly allow[ed] a plaintiff's contacts with the defendant and the forum to drive the jurisdictional analysis," and that, post-*Walden*, the court must "look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods, Inc. v. Acerchem, Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017); *see also Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (recognizing that a court must look to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.) Indeed, the law is clear that a "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290.

The foregoing principles highlight the impropriety of Plaintiffs' insistence that their historical (but unrelated) dealings with Star Magic may inform the Court's decision. Here, the suit-related conduct that forms the basis of Plaintiffs' claims against Defendants relates exclusively to (a) allegedly infringing listings created by Defendants on Amazon.com; and (b) Defendants' production and sale of allegedly infringing STAR MAGIC TWISTER products, no more than ten (10) of which were subsequently shipped to California.[1] *See* Complaint, at ¶¶ 15-17; 24-28. None of Plaintiffs' claims relate in any way to Star Magic's historical purchases of genuine Tangle products from Tangle or its sales of genuine Tangle products online or otherwise over the years. *See* Plaintiffs'

---

[1] Plaintiffs' representation that "Star Magic admits to shipping at least 10 infringing items to California as part of a *decades long enterprise* . . ." (Plaintiffs' Opp. at p. 10) is false and deliberately misleading. To the contrary, Star Magic was forthright in representing that it sold no more than ten (10) of the allegedly infringing products to persons having an address in California. *See* Declaration of Shlomo Ayal, at ¶ 11. Star Magic's listing and sale of such products lasted for no more than six weeks, and Plaintiffs' suggestion that the sale of allegedly infringing products has been ongoing for decades is patently untrue and directly at odds with the undisputed facts before this Court. *Id.* at ¶ 13.

-- 2 --

DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No.  20-cv-07121-DMR
26550585v.1

Opp. at p. 10.  Nor do Plaintiffs' claims arise out of Star Magic's historical business relationship with Tangle.  *Id.*  These factual assertions are merely red herrings that are wholly immaterial to the disposition of the legal claims that are actually before the Court.  That Plaintiffs focus their argument in opposition almost entirely on these unrelated allegations only underscores the conclusion that must be reached based on the relevant jurisdictional allegations and evidence, namely, that the exercise of specific personal jurisdiction over Defendants is not proper here.

### B.     Plaintiffs Fail to Cite a Single Case Supporting its Jurisdictional Analysis.

It is Plaintiffs' burden to satisfy the first two of the three elements required to demonstrate that the exercise of specific personal jurisdiction over Star Magic and Ayal is appropriate.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  Far from satisfying that burden, Plaintiffs rely on immaterial facts and purport to distinguish the cases cited by Defendants in support of dismissal.  Most notably, Plaintiffs fail to cite any similar cases supporting the outcome they seek.  The principal cases replied upon by Plaintiffs in support of their opposition were decided pre-*Walden*, and, as recognized by the court in *Sennheiser Elec. Corp. v. Evstigneeva,* 2012 U.S. Dist. LEXIS 200421 *6-7 (C.D. Cal. June 29, 2012),[2] those decisions both found the existence of specific jurisdiction based on "individualized targeting," which is no longer good law.  *See Beachbody, LLC v. Estrada*, 2011 U.S. Dist. LEXIS 164852 (C.D. Cal. Apr. 26, 2011); *Sennheiser Elec. Corp. v. Chutkowski*, 2012 U.S. Dist. LEXIS 200422 (C.D. Cal. Apr. 20, 2012).  Accordingly, neither *Beachbody* nor *Chutkowski* should influence the Court's decision here.

Plaintiffs have not and cannot cite to a single post-*Walden* case that relies upon the relationship of the parties and general sales on Amazon (or a website that does not market to California residents) to support jurisdiction.  In sharp contrast, Defendants cited numerous cases that support its position – only a few of which Plaintiffs attempted to distinguish.  In particular, Plaintiffs ignore the Southern District of California's decision in *Graco Minn. Inc. v. PF Brands, Inc.*, 2019

---

[2] The Court squarely disagreed with the decision in *Chutkowski*.  In doing so, it recognized that *Chutkowski* relied upon direct aiming to support jurisdiction which now is clearly improper under *Walden.*

-- 3 --
DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No.  20-cv-07121-DMR
26550585v.1

U.S. Dist. LEXIS 66611 (S.D. Call. Apr. 17, 2019) cited by Defendants in their opening brief. That Plaintiffs did not attempt to distinguish the Court's decision in *Graco* is unsurprising, because the court in *Graco* squarely rejected the identical arguments advanced by Plaintiffs here.

In *Graco*, which was also a trademark infringement case, the court held that there was no specific jurisdiction in California over a defendant who sold products on its website and on third-party websites – notwithstanding that the defendant sold and shipped the infringing product to California and otherwise has sales to California. *Graco*, 2019 U.S. Dist. LEXIS 66611 at *20. The court explained: "[t]he record does not show that California is the 'focal point' of both the infringement claims and the alleged harm in this case." *Graco*, 2019 U.S. Dist. LEXIS 66611 at *18. Moreover, the same facts that formed the basis of the court's holding are present in this case,[3] including that defendants had never been to California in a business capacity, did not advertise in California, did not have offices or employees in California, and also that the defendants did not target sales to California and do not reference California on their website. *See id.* at *16-19.

Likewise, in *Angel Intimates, Inc. v. Jefferies Socks, LLC*, 2020 U.S. Dist. LEXIS 74793 (C.D. Cal. Jan. 15, 2020), similar facts to those relied upon by Plaintiffs here were rejected as insufficient to establish personal jurisdiction over the defendant. There, applying the purposeful direction test, the court explained, "[i]n applying this test, a court must look to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. As such, a mere injury to a forum resident is not a sufficient connection to the forum. Rather, regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Jefferies Socks*, 2020 U.S. Dist. LEXIS 74793 at *11 (internal citations and quotations omitted). Like Plaintiffs here, the plaintiff in *Jefferies Socks* argued that "Jefferies purposefully engaged in unfair business practices designed specifically to harm the California-based Plaintiffs, including by intentionally interfering with their ability to access the Amazon web portal. Specifically, Plaintiff asserts that Jefferies simultaneously

---

[3] *See generally* the declaration of Shlomo Ayal. The Plaintiffs do not dispute any of the facts establishing Defendants' lack of connection with the forum.

-- 4 --
DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No.  20-cv-07121-DMR
26550585v.1

prevented it from doing business while continuing to exploit sales through that web portal, including sales that resulted in deliveries to Amazon distribution centers in California." *Id.* at *11-12.

The court flatly rejected that argument, noting that it "is similar to the effects-based minimum contacts analysis that the Supreme Court rejected in *Walden v. Fiore* on the basis that it 'impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis[.]'" *Id.* at *12. The court further explained:

> Here, Plaintiff's injury does little to show that the Jefferies formed a contact with the forum state. Jefferies representatives neither visited California as part of the relationship with Angel, nor did Angel ever manage any account in California on Jefferies' behalf . . . . Jefferies maintains that it has neither offices, facilities or employees in California, but acknowledges that it does ship products into California to be sold by brick-and-mortar retailers. Jefferies also maintains an online presence whereby consumers can purchase products either through its own website or via Amazon. The company is represented at tradeshows throughout the country by independent sales representatives, including at events in California. Although Jefferies does not direct these representatives to attend particular tradeshows, it pays them between eight and ten percent of the total revenues from the products they sell.

*Id.* at *12-13.

Against that backdrop, the court noted, "[w]hile it is possible that the above activities would satisfy the purposeful availment requirement under the first prong of a jurisdictional analysis, the Court need not delve into them extensively here because they are unrelated to the issues in this litigation under the second prong, *i.e.,* the claim must be one which arises out of or relates to the defendant's forum-related activities . . . . The answer here is clearly no." *Id.* at *13-14.

This matter presents nearly identical facts and circumstances to those that were material to the disposition of the jurisdictional questions posed in *Graco* and in *Jefferies Socks*, and the same result is required here. Plaintiffs' reliance on outdated law and irrelevant facts do not and cannot carry their burden to show that the exercise of specific personal jurisdiction over Defendants is proper. At its essence, the law could not be more clear: general sales on Amazon and eBay are not enough to establish jurisdiction in an infringement case, nor is specific jurisdiction established based

-- 5 --

upon limited contacts primarily with the forum plaintiff.  *See, e.g., Mission Trading Company, Inc. v. Lewis*, 2016 U.S. Dist. LEXIS 157280 *13 (N.D. Cal. Nov. 14, 2016) (holding that defendant's use of "internet service providers" and "online sales channels" based in California was not expressly aimed at California); *see also Athena Cosmetics v. United States Warehouse*, 2020 U.S. Dist. LEXIS 73797, at *21 (C.D. Cal. Mar. 5, 2020) ("Furthermore, even if the Court were to take Plaintiff's allegation that TWUSA sold products on eBay as true, this allegation still would be insufficient to show that it expressly aimed its conduct toward California. The sale of items from third-party websites to California consumers does not target California."); *Graco*, 2019 U.S. Dist. LEXIS 66611 at *11-12 ("District courts have declined to find express aiming based on alleged sales of products that infringe intellectual property rights through commercial, interactive websites accessible to California consumers."); *Tart Optical Enters., LLC v. Light Co.*, 2019 U.S. Dist. LEXIS 231717, at *40 (C.D. Cal. Aug. 7, 2019) ("Plaintiff relies on evidence of 'numerous' eBay sales by Greenberg of allegedly infringing products to California-based customers.  As noted, the material submitted supports the following inferences: (i) between 2009 and 2017, Greenberg and VEO obtained approximately $378,782.99 in revenue through sales on eBay of allegedly infringing products; (ii) during that period, Greenberg and VEO engaged in approximately 1396 transactions, including both infringing and non-infringing sales with customers who may have received items in California; and (iii) a material portion of total sales, but not necessarily more than would be expected by an online retailer who ships to many domestic and foreign locations, was shipped to customers located in California.  Assuming the truth of these positions, this evidence does not establish that Greenberg expressly aimed tortious conduct toward California.").[4]

For the foregoing reasons, Star Magic's and Ayal's motion to dismiss Plaintiffs' Complaint should be granted.

---

[4] Moreover, operation of "a general website selling goods throughout the United States is not sufficient to establish 'purposeful direction.'" *Fumoto Giken Co. Ltd. v. Mistuoka*, 2015 U.S. Dist. LEXIS 187112 (C.D. Cal. Apr. 16, 2015) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987); and *Boschetto v. Hansingbar*, 539 F.3d 1011, 1017-18 (9th Cir. 2008)).

| | | |
|---|---|---|
| Dated: February 3, 2021 | | FARELLA BRAUN + MARTEL LLP |

By:   /s/ *Stephanie P. Skaff*
      Stephanie P. Skaff
      sskaff@fbm.com
      Farella Braun + Martel LLP
      235 Montgomery Street, 17th Floor
      San Francisco, CA 94104
      Telephone: (415) 954-4400
      Facsimile: (415) 954-4480

Of Counsel:

WHITE AND WILLIAMS LLP

Justin E. Proper (admitted *pro hac vice*)
properj@whiteandwilliams.com
Vincent N. Barbera (admitted *pro hac vice*)
barberav@whiteandwilliams.com
One Liberty Place, Suite 1800
1650 Market Street
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000
Facsimile: (215) 789-7595

Attorneys for Defendants
Star Magic and Shlomo Ayal

-- 7 --

DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 20-cv-07121-DMR
26550585v.1